62 F.3d 1418
 151 L.R.R.M. (BNA) 2608
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
K AND D PAINTING, INC.; John Kouhn, a Sole Proprietorship,
doing business as Jar Painting, Respondents.
 No. 95-5812.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1995.
 
 Before: BROWN, MILBURN, and NORRIS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its April 12, 1995, decision and order in Case No. 8-CA-26330 in which it found the respondents violated federal labor law and directed the respondents to take certain remedial steps stated therein. The respondents did not file an answer to the complaint and have not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. Sec. 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 8-CA-26330 is hereby enforced. Respondent K and D Painting, Inc., its officers, agents, successors, and assigns, and respondent John Kouhn, a sole proprietorship, doing business as JAR Painting, his agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Permanently laying off and failing to reemploy or otherwise discriminating against any employee for membership in and support of the International Brotherhood of Painters and Allied Trades, Local 406, AFL-CIO or any other union.
 
 
 4
 (b) Threatening employees because of their union support or activities.
 
 
 5
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Offer Dale Bowman immediate and full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed, and make him whole for any loss of earnings and other benefits suffered as a result of the discrimination against him, in the manner set forth in the remedy section of the Board's decision.
 
 
 8
 (b) Remove from their files any reference to the unlawful permanent layoff and failure to reemploy and notify Dale Bowman in writing that this has been done and that the permanent layoff and failure to reemploy will not be used against him in any way.
 
 
 9
 (c) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 10
 (d) Post at their facility in Toledo, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8 of the National Labor Relations Board (Cleveland, Ohio), after being signed by the respondents' authorized representatives, shall be posted by the respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondents to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 11
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondents have taken to comply with this judgment.
 
 APPENDIX
 
 12
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 13
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 14
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 15
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 16
 To bargain collectively through representatives of their own choice
 
 
 17
 To act together for other mutual aid or protection
 
 
 18
 To choose not to engage in any of these protected concerted activities.
 
 
 19
 WE WILL NOT permanently lay off and fail to reemploy or otherwise discriminate against any of you for supporting the International Brotherhood of Painters and Allied Trades, Local 406, AFL-CIO or any other union.
 
 
 20
 WE WILL NOT threaten you because of your union support or activities.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL offer Dale Bowman immediate and full re-instatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed and WE WILL make him whole for any loss of earnings and other benefits resulting from his permanent layoff and our failure to reemploy him, less any net interim earnings, plus interest.
 
 
 23
 WE WILL notify Dale Bowman that we have removed from our files any reference to his permanent layoff and our failure to reemploy him and that the permanent layoff and our failure to reemploy him will not be used against him in any way.
 
 K AND D PAINTING, INC., AND JAR PAINTING